## LOUISA J. WORKMAN *vs.* WILLIAM WORKMAN.

Under a will which, after providing for other relatives of the testator, contains the follow
ing provision: "I give and bequeath to my nieces, C. W., S. E. W., E. W., L. W., and
to my nephew, W. W., children of my sister, S. P. W., the sum of four thousand dollars
each, making in the whole the sum of twenty thousand dollars," and names all the
legatees, as equal residuary legatees, the legacy to C. W: lapses, if she dies before the
testator.

CONTRACT against the executor of the will of Edward H.
Hemenway, to recover $1000, as the balance due on a legacy
to the plaintiff under said will. The will, after a devise of land
to the testator's sister, Sarah P. Workman, and a legacy of
$5000 to his niece, Eliza J. Payton, contained the following
provision : " I give and bequeath to my nieces, Cornelia Work-
man, Sarah E. Workman, Elizabeth Workman, Louisa Work-
man, and to my nephew, William Workman, children of my
sister, Sarah P. Workman, the sum of four thousand dollars
each, making in the whole the sum of twenty thousand dollars."
After naming his sister, nephew and all his nieces as equal re-
siduary legatees, the testator further provided that " neither of
the legatees hereinbefore named shall have priority in time of
payment given them." Cornelia Workman died without issue
before the testator. The defendant paid four thousand dollars
on account of the legacy to the plaintiff; but she contended that,
by the death of Cornelia Workman, the four surviving legatees
became entitled to receive the whole sum of twenty thousand
dollars given to the children of Sarah P. Workman.

Upon these facts, which were agreed, *Morton*, J. rendered
judgment for the defendant, in the superior court, and the plain-
tiff appealed.

*P. C. Bacon & F. H. Dewey*, for the plaintiff, cited 2 Williams
on Executors, (4th Amer. ed.) 1220 ; 1 Roper on Leg. 487.

*P. E. Aldrich*, for the defendant.

METCALF, J. This action is brought for the sole purpose of
having the question decided whether the legacy of four thousand

dollars bequeathed to Cornelia Workman lapsed by reason of her decease while the testator was alive. And the court have no doubt that it did lapse, and that the plaintiff's claim to a part of that $4000, if she has any legal claim, is under the residuary clause in the will. This is admitted by the plaintiff's counsel, if the legacy lapsed; but it is contended that the twenty thousand dollars given to the five persons named in the fourth clause in the will were given to them as a class, and are to be equally divided among the four who survived the testator. And if this were a bequest to a class, the plaintiff's claim would be sustained. But the authorities on this subject conclusively show that it is an established general rule of law, that when the parties to whom a legacy is given are not described as a class, but by their individual names — though they may constitute a class — the death of any one of them, before the testator, causes a lapse of the legacy intended for the legatee so dying. Smith on Real and Personal Property, 810, 811.

We have so recently had this matter before us, in *Jackson* v. *Roberts*, 14 Gray, 546, that we need not do more than to refer to that case, which was ably argued, and considerately examined. We found reasons for taking that case out of the general rule. We find none in this case.

What may be the legal claim of the plaintiff, as one of the surviving residuary legatees, upon the lapsed legacy, is a question not now before us, on which we therefore forbear to express any opinion. Indeed, we do not understand that, on this point, there will be any difference of opinion between the parties, after we have decided, as we now do, that the legacy to Cornelia lapsed. *Judgment for the defendant.*